UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

CIVIL ACTION NO. 3:24-cv-30031-MGM

| | |
|---|---|
| TANIA CABRERA )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>AMHERST-PELHAM REGIONAL )<br>SCHOOL DISTRICT, DIEGO SHARON, )<br>SARA BARBER-JUST, MARTA GUEVARA, )<br>MICHAEL MORRIS, CELIA MAYSLES, )<br>and JULIE WOYNAR, Individually and in their )<br>capacities as Employees of the )<br>    Defendants. ) | **LEAVE TO FILE<br>GRANTED<br>12/13/2024** |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS

NOW COME the Defendants, Amherst-Pelham Regional School District, Diego Sharon, Sara Barber-Just, Marta Guevara, Michael Morris, Celia Maysles, and Julie Woynar, and, pursuant to Local Rule 7.1(b)(3), respectfully file this limited Reply to Plaintiff's Opposition to Defendants' Partial Motion to Dismiss to clarify points of law.

### A. Plaintiff's Title VII Retaliation Claim Must Fail Because Plaintiff Could Not have Reasonably Believed her Grievance was in Opposition to Action Prohibited by Title VII.

In her Opposition, Plaintiff argues that by filing a grievance opposing her notice of non-renewal, she engaged in protected activity because she held a "reasonable belief" that she was opposing a discriminatory practice. The grievance is attached to Defendants' Memo in Support of Motion to Dismiss as Exhibit A. On its face, no reasonable person could draw such a conclusion. *Fantini v. Salem State* College, 557 F.3d 22, 32 (1st Cir. 2009) (plaintiff's complaints

to her supervisor concerning misconduct of male colleague regarding conflict of interests and financial disclosure laws does not relate to any unlawful employment practice under Title VII and thus District Court properly dismissed retaliation claim).

Plaintiff appears to argue that because she subjectively believed she was engaging in protected activity, it is sufficient to sustain a Title VII retaliation claim. This is incorrect as a matter of law, which sets a reasonableness standard and requires facts to support a good-faith reasonable belief that purported protected activity is in opposition to a practice prohibited by Title VII. See *Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 226 (1st Cir. 2012) (even though plaintiff's alleged protected activity included a complaint of "discriminatory" comments, "the facts alleged in the amended complaint provide no reasonable basis for inferring that the [alleged protected activity] reflected gender-based discrimination. Those comments were unarguably gender-neutral and do not afford an objectively reasonable foundation for a retaliation action. It follows inexorably that the amended complaint fails to set forth a plausible claim of retaliation." (internal citations omitted.)); see also *Bonilla-Ramirez v. MGM, Inc.*, 904 F.3d 88, 95-96 (1st Cir. 2018).

In *Motowski v. Ferring Pharms., Inc.*, 2019 WL 634986, at *2 (D. Mass. Feb 14, 2019), even where a plaintiff characterized her complaint as one of sexual harassment, the court found that it was not actionable protected activity because the complaint could not reasonably be believed to be of Title VII violations. See also *Crawford v. Salve Regina Univ.*, 2024 WL 3046404, at *10 (D.R.I. June 18, 2024).

In this case, Plaintiff's grievance could not reasonably be believed to be protected activity under Title VII, and Count II must be dismissed.

B. **<u>Plaintiff Relies on Erroneous Case Law in Support of Her Argument that She was Subjected to an Actionable Adverse Employment Action Under Title VII Following Her Purported Protected Activity.</u>**

Plaintiff argues that the adverse employment action taken against her after she purportedly engaged in protected activity by grieving her non-renewal was a Title IX investigation.  Plaintiff cites a series of cases in support of his argument that an internal investigation is an adverse employment action which are decided under an inapplicable legal standard.  She relies on *Rivera-Jimenez v. Pierluisi*, *Stuart v. City of Gloucester*, and *Gutwill v. City of Framingham* (Opposition, Docket No. 25, p. 8), which are all cases analyzing adverse employment actions in First Amendment retaliation claims. The standard for an adverse employment action in a First Amendment retaliation claim, however, is lower than the standard for an adverse employment action in a Title VII claim. In a First Amendment retaliation claim "even 'relatively minor events' can give rise to Section 1983 liability, so long as the harassment is not so trivial that it would not deter an ordinary employee in the exercise of his or her First Amendment rights, and the Supreme Court has indicated that even relatively minor events might give rise to liability." *Gutwill v. City of Framingham,* 2020 WL 360486 (D. Mass. Jan. 22, 2020) (internal citations omitted) citing *Barton v. Clancy*, 632 F.3d 9, 29 (1st Cir. 2011); contrast *Blackie v. State of Me.*, 75 F.3d 716, 725 (1st Cir. 1996) (outlining standard for an adverse employment action  under Title VII).  In *Stuart* and *Rivera-Jimenez*, the court explicitly differentiated the standards. *Rivera-Jimenez v. Pierluisi*, 362 F.3d 87, 94 (1st Cir. 2004) ("the standard for showing an adverse employment action is lower in the First Amendment retaliation context than it is in other contexts (such as Title VII) … and the Supreme Court has indicated that even relatively minor events might give rise to liability." (internal citations omitted)); *Stuart v. City of Gloucester*, 2021 WL 4466476, at *6 (D. Mass. Sept. 30, 2021) ("an adverse

employment action . . . is defined more broadly in the context of Section 1983 actions than in the context of employment discrimination cases").

Count II is a claim under Title VII, and the First Amendment retaliation cases are inapplicable. The District initiating a Title IX investigation into Plaintiff's conduct does not amount to an adverse employment action under Title VII, and Count II should be dismissed.

        Respectfully submitted,

AMHERST-PELHAM REGIONAL
SCHOOL DISTRICT, DIEGO SHARON,
SARA BARBER-JUST, MARTA GUEVARA,
MICHAEL MORRIS, CELIA MAYSLES, and
JULIE WOYNAR

Dated: January 2, 2025        By   */s/ Hunter s. Keil, Esq.*
Hunter S. Keil, Esq., BBO # 687979
   hkeil@robinsondonovan.com
Robinson Donovan, P.C.
1500 Main Street, Suite 2300
Springfield, Massachusetts 01115
Phone (413) 732-2301

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 2nd day of January, 2025.

    *Signed under the pains and penalties of perjury.*

                                               */s/ Hunter S. Keil, Esq.*
                                               Hunter S. Keil